# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| DWAYNE CHAPPLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:12CV912 AGF |
| | ) | |
| CHARLES W. CHASTAIN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of plaintiff's amended complaint, pursuant to 28 U.S.C. § 1915.[1]  After carefully reviewing plaintiff's allegations, the Court must dismiss plaintiff's amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from

---

[1] On July 5, 2012, the Court reviewed plaintiff's original complaint and found it to be subject to dismissal under 28 U.S.C. § 1915.  Rather than dismiss his complaint, the Court provided plaintiff with time to amend his pleading in order to properly state a claim for relief.  Pursuant to § 1915, the Court is now obligated to review plaintiff's amended pleading for frivolousness, maliciousness and for failure to state a claim.

such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

**The Amended Complaint**

Plaintiff, an inmate at Northeast Correctional Center ("NECC"), brings this action under 42 U.S.C. § 1983, alleging violations of the Eighth Amendment, against Charles Chastain (Doctor), Roasalie Shackelford (Medical Director), Melody Griffin (Nurse) and George Lombardi (Director, Missouri Department of Corrections). The amended complaint seeks declaratory and injunctive relief.

Plaintiff alleges that he has been diagnosed with avascular necrosis in his hip bones and is in need of a bi-lateral hip replacement. He claims that the bones in his hips are "dying and decaying" and this is causing him extreme pain and substantial difficulty ambulating. Plaintiff asserts, generally, that defendants have failed to provide him with proper treatment for his condition, and he claims in a conclusory fashion that

defendants have been deliberately indifferent to his serious medical needs. He claims that he is in need of a bi-lateral hip replacement but that defendants have refused his request.

Attached to plaintiff's general statement of his claim are five paragraphs relating to the four individually named defendants in his amended complaint.

For example, plaintiff asserts that defendant Shackelford lied when she told him that his medical records, received from Barnes Hospital, failed to indicate that he needed surgical intervention. Plaintiff also claims, generally, that nurse Shackelford has made false statements in response to his I.R.R.'s, "allowed" his condition to worsen, and caused him unnecessary pain and agony.

Plaintiff further asserts that defendant Chastain was aware of his medical condition, as well as his high pain level when he saw plaintiff on November 14, 2011. Plaintiff claims that Dr. Chastain knew that plaintiff's medications were not working, yet defendant Chastain failed to provide plaintiff with proper treatment and allowed his hips to decay.

Plaintiff asserts that he attempted to contact defendant Lombardi on November 1, 2011, regarding his medical needs. Plaintiff claims that defendant Lombardi "has made no attempt to help [him] get the adequate treatment or attention [his] type of injury needs."

Last, plaintiff asserts that defendant Griffin became aware of his medical condition in November of 2011 through a letter plaintiff wrote to defendant Lombardi. He states that defendant Griffin responded and that although she appeared to understand his diagnosis, she failed to intervene to help him get appropriate medical treatment.

## Discussion

Just as plaintiff's original complaint was lacking, so too is his amended complaint lacking any indication whether plaintiff is suing defendants in their official or their individual capacities. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989).

Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri and/or Correctional Medical Services ("CMS"). Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983," thus, the defendants employed by the State of Missouri cannot be held liable under the amended complaint. Id.

Similarly, the amended complaint fails to state a claim against the CMS employees because it does not allege that a policy or custom of CMS is responsible for the alleged constitutional violations. Monell v. Dep't of Social Services, 436 U.S. 658, 690-91 (1978).

As a result of the aforementioned, the amended complaint fails to state a claim upon which relief can be granted. As such, this action must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall not issue process or cause process to issue upon the amended complaint because the amended complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 3rd day of August, 2012.

/s/ Audrey G. Fleissig
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE